Marc J. Levine, Esq. (SBN 210949)
Jerid R. Maybaum, Esq. (SBN 190846)
**LEVINE & MAYBAUM LLP**
10940 Wilshire Blvd., 6th Floor
Los Angeles, CA 90024
Telephone (310) 774-0086
marc@specialedpartners.com
jerid@specialedpartners.com

Christopher J. Hamner, Esq. (SBN 197117)
**HAMNER LAW OFFICES, APLC**
26565 West Agoura Road, Suite 200
Calabasas, California 91302
Telephone: (888) 416-6654
chamner@hamnerlaw.com

Darin M. Karpel, Esq. (SBN 186395)
**KARPEL LAW FIRM**
4500 Park Granada, Suite 202
Calabasas, California 91302
Telephone (888) 871-9376
darin.karpel@karpellawfirm.com

# UNITED STATES DISCTRICT COURT

## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOLLY CHURHILL; LEIGH BURDINE; DANIELLE SMITH; LUCY TORRES; BRIANNA KURTH; TIMOTHY STUCKER; CANDICE HIDDLESTONE; RYAN BRAY; SUSAN CALLES; EDWARD EWING; GINA SMITH; KARLA POUKKULA; MAUREENA GARCIA; SPRING VICK; DAVID HARGENBURGER; MAI TEAGUE, SHANNON TENNEY; CHRISTINA AVALOS; VANESSA ARZOLA; OLIVIA DENSON, individual California residents, in each's capacity as parent and legal guardian of their child, and on behalf of the Proposed Class,<br><br>Plaintiffs<br><br>v.<br><br>SAN DIEGO UNIFED SCHOOL DISTRICT; GROSSMONT UNION HIGH SCHOOL DISTRICT; HELIX CHARTER HIGH SCHOOL; CHULA VISTA ELEMENTARY SCHOOL DISTRICT; SWEETWATER UNION HIGH SCHOOL DISTRICT; LA MESA – SPRING VALLEY SCHOOL DISTRICT; and DOES 1-10,<br><br>Defendants | Case No.: '22CV1257 BEN RBB<br><br>**CLASS ACTION COMPLAINT FOR**:<br><br>1. **VIOLATION OF THE EQUAL PROTECTION CLAUSE (42 U.S.C. § 1983)**<br>2. **DECLARATORY RELIEF**<br>3. **NEGLIGENCE**<br><br>**DEMAND FOR JURY TRIAL** |

## I. JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter under 28 U.S.C. §1331 as this matter arises under the Constitution and laws of the United States, including but not limited to 20 U.S.C. §1400 et seq. and 42 U.S.C. §1983, and under 28 U.S.C. §1343, as this matter seeks to redress the deprivation, under color of state law, of a right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States. This Court has the authority to hear class action suits such as this under 28 U.S.C. §1332(d).

2. Venue is appropriate in this Court under 28 U.S.C. §1391 because this is the District in which most of the Defendants' maintain offices are located, and where Defendants exercise their authority in their official capacities, and because a substantial part of the events and omissions giving rise to the claims alleged herein occurred in this judicial district.

3. This Court has the authority to award the requested declaratory relief under 28 U.S.C. §2201(a). This Court has the authority to award such further relief as the court deems appropriate under 28 U.S.C. §2202 and under 20 U.S.C. § 1415(i)(2)(C)(iii) ("the court... shall grant such relief as the court determines appropriate"). This Court has the authority to award attorneys' fees and costs under 42 U.S.C. §1983, pursuant to 42 U.S.C. §1988, and under 20 U.S.C. § 1415(i)(3)(B).

## II. THE PARTIES

**A. Plaintiffs**

4. Plaintiffs HOLLY CHURHILL, LEIGH BURDINE, DANIELLE SMITH, LUCY TORRES, BRIANNA KURTH, TIMOTHY STUCKER, CANDICE HIDDLESTONE, RYAN BRAY, SUSAN CALLES, EDWARD

EWING and GINA SMITH are parents and guardians of children who attended schools within the San Diego Unified School District ("SDUSD") during the Liability Period.

5.      Plaintiff KARLA POUKKULA is the parent and guardian of a child who attended a school within the Chula Vista Elementary School District ("CVESD") during the Liability Period.

6.      Plaintiff MAUREENA GARCIA is the parent and guardian of a child who attended a school within the Sweetwater Union High School District ("SUHSD") during the Liability Period.

7.      Plaintiffs SPRING VICK and DAVID HARGENBURGER are parents and guardians of children who attended schools within the La Mesa – Spring Valley School District ("LMSVSD") during the Liability Period.

8.      Plaintiffs MAI TEAGUE, SHANNON TENNEY, CHRISTINA AVALOS, VANESSA ARZOLA and OLIVIA DENSON are parents and guardians of children who attended schools within the Grossmont Union High School District ("GUHSD") during the Liability Period.  Plaintiffs TEAGUE, TENNEY, AVALOS and ARZOLA, who are parents or guardians of children who attended Helix Charter High School ("HELIX") during the Liability Period, also seek redress against HELIX for the claims alleged herein.

**B.      Defendants**

9.      The Defendant School Districts are California Local Education Agencies as defined by the California Education Code.

10.     Defendant SDUSD consists of 113 elementary schools, 24 middle schools, 4 "atypical" schools, 10 alternative schools, 27 high schools and 25 charter schools.  Plaintiffs are informed and believe that SDUSD serves more than 130,000 students from preschool to high school and has an annual budget of approximately $1.6 billion.

Class Action Complaint

11. Defendants CVESD and SUHSD are school districts in the San Diego area which serve many of the same students depending on what grade level the student is in. Many students of these Districts begin their education in the CVESD and transfer to the SUHSD after middle school.

12. Defendant LMSVSD consists 21 schools. Plaintiffs are informed and believe that LMSVSD serves more than 12,000 students from preschool to high school and has an annual budget of approximately $100 million.

13. Defendant GUHSD is a California Local Education Agency serves 13 High Schools, an Adult Education School, and a Learning Choice Academy. Plaintiffs are informed and believe that GUHSD serves more than 16,760 students from grades 9 to 12 and has an annual budget of approximately $190 Million. Defendant HELIX is a part of the GUHSD

14. SDUSD, LMSVSD, CVESD, SVSD, HELIX and GUHSD are hereinafter referred to as "Defendants."

15. The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants sued here in as DOES 1 through 5, inclusive, are currently unknown to Plaintiffs, who therefore sue such Defendant(s) by such fictitious names. Plaintiffs are informed and believe, and based thereon allege, that Defendants designated herein as a DOE are legally responsible in some manner for the unlawful acts referred to herein. Plaintiffs will seek leave of court to amend this complaint to reflect the true names and capacities of the Defendants designated hereinafter as DOES when such identities become known.

### III.   GENERAL ALLEGATIONS

#### A. Summary of Claims

16. On about March 16, 2020, in response to the nationwide COVID-19 pandemic, the Districts closed all of their member schools. On April 6, 2020, the Districts began offering only distance learning, online classes to its students. For

approximately one year thereafter, the Districts' students were provided with <u>only online schooling, or "distance learning"</u>.

17.     Plaintiffs allege it is now understood and accepted by this year of online schooling had an overall negative and harmful effect on students.  Plaintiffs allege the year of exclusively online schooling resulted in less accessible, less effective and less educational time for the Districts' students.  This year of only online schooling by the Districts also violated California law, which provided that during the Covid-19 pandemic, California school districts were required to provide their students with a minimum amount of hours of online class per week, the same standards on distance learning provided to underprivileged students, and a certain amount of in-person instruction.  Plaintiffs allege the Districts failed to provide these services to its students, which has caused actual and significant harm to students of the Districts.

18.     Plaintiffs allege the Districts' failure to provide their students with the quality and amount of education services mandated by California law constituted a violation of these students' 14th Amendment right to equal education.

19.     Plaintiffs also allege these actions and omissions by Districts violated Senate Bill 98 ("SB 98"), was signed by Governor Newsom on June 29, 2020, regarding school closures and "distanced learning."  SB 98 was codified in Education Code section 43500 et seq.  Section 43500 defines "distance learning" as "instruction in which the pupil and instructor are in different locations and pupils are under the general supervision of a certificated employee of the local educational agency."

20.     Education Code section 43503(b), places a strong emphasis on teacher-student engagement in distance learning.  It provides that distance learning must include the following minimum components: (1) provision of access for all pupils to connectivity and devices adequate to participate in the educational program and complete assigned work; (2) content aligned to grade level standards that is

Class Action Complaint

provided at a level of quality and intellectual challenge equivalent to in-person instruction; (3) academic and other supports designed to address the needs of pupils who are performing below grade level, or need support in other areas; (4) special education, related services, and any other services required by a pupil's individualized education program; (5) designated and integrated instruction in English language development; and (6) daily live interaction with certificated employees and peers for pur0070oses of instruction, progress monitoring, and maintaining school connectedness.

### B. Plaintiffs' Constitutional Claims

21. Plaintiffs allege the Districts' violations of these Education Code provisions violated the Equal Protection Clause of the 14th Amendment to the U.S. Constitution and caused damages to the Districts' students in violation of California statutory and common law.

22. Plaintiffs allege the Privileges or Immunities Clause of the Fourteenth Amendment's right to education: "No state shall . . . deny to any person within its jurisdiction the equal protection of the laws."

23. Plaintiffs allege the Districts' unlawful and harmful acts and omissions alleged here constituted a violations of the Equal Protection clause, 42 U.S.C. § 1983, by not providing: (1) the right to equal protection, free from arbitrary treatment by the State; nor (2) the right to equal and meaningful access to education, free from arbitrary state action resulting in a disparate impact on the students as compared to other comparable students.

25. The equal protection doctrine prohibits "governmental classifications that affect some groups of citizens differently than others." *Engquist v. Or. Dep't. of Agric.*, 553 U.S. 591, 601 (2008) (citations omitted). The court should engage in an analysis of whether a state creates disparity "between classes of individuals whose

situations are arguably indistinguishable." *Ross v. Moffitt*, 417 U.S. 600, 609 (1974).

26. Plaintiffs allege these acts and omissions resulted in the Districts' students not receiving the state mandated online education that other school districts in California provided to their similarly situated students. This discrepancy in the online education provided was arbitrary and resulted in an overall lack of access to online education for the Districts' students as compared to students in other districts.

27. Plaintiffs allege there was no rational basis for the Districts to provide the lesser level of online education which was actually provided to its students. Plaintiffs allege less restrictive alternatives to Defendants' actions and omissions existed. Plaintiffs allege the restrictive alternatives included but were not limit to, providing the education services which were to be provided during this time as mandated by California law.

28. Plaintiffs allege Defendants intentionally, negligently, and arbitrarily imposed restrictions on the access to schools in violation of their students' right to equal protection under the law.

B. **Plaintiffs' State Law Claims**

29. Pursuant to Education section 43503(c): "For the 2020–21 fiscal year, a local educational agency shall satisfy the annual instructional day requirements described in Sections 41420, 46200.5, and 46208, and in Section 11960 of Title 5 of the California Code of Regulations through in-person instruction or a combination of in-person instruction and distance learning pursuant to this part." For fiscal year 2020–21 a minimum day of instruction was required to be 180 minutes of instructional minutes for kindergarten, 230 minutes of instructional time for grades 1 to 3, and 240 minutes of instructional time for grades 4-12.

30. Education Code section 34503 provides that "daily live interaction" may

Class Action Complaint

take the form of internet or telephonic instruction, or by other means permissible under public health orders.  If "daily live interaction" is not "feasible" as part of regular instruction, the [school district] shall develop an alternative plan for frequent live interaction that provides a comparable level of service and school connectedness.

31. Education Code section 43502, contains a statement that school districts "shall offer in-person instruction and may offer distance learning, pursuant to the requirements of this part."

32. Education Code section 43504 contains a statement that school districts "shall offer in-person instruction to the greatest extent possible."

33. Plaintiffs allege that although SB 98 mandated that all school districts in California must offer *some amount* of in-person instruction to all students, the Districts did not offer in-person learning during the entirety of the Liability Period.

34. SB 98 mandates that school districts such as the Districts reacting to state or local public health guidance could offer a range of educational options, including hybrid instructional models and 100% distance learning, *provided that at least one option must include some amount of in-person instruction*.

35. Plaintiffs allege that the Districts failed its students during the COVID-19 pandemic by providing only distance learning in violation of Education Code section 43503(b)(6) to nearly all of its students.

36. This failure has significantly harmed Plaintiffs and the proposed class in a number of ways.  Defendants also failed to provide the same access to distance learning for all students in the Districts, as required by law.

37. Plaintiffs also allege the Districts failed to provide Plaintiffs and the Proposed Class with the required minimum number of instructional hours.  This failure has also significantly harmed Plaintiffs' children and the Proposed Class.

Class Action Complaint

38. Plaintiffs assert the administrative process is not appropriate or required for the class claims such as the ones presented here since: (1) the administrative process would be futile, (2) it is improbable that adequate relief can be obtained by pursuing administrative remedies because the hearing officer lacks authority to grant the relief sought, and (3) the claim arises from a policy or practice of general applicability that is contrary to law. (See *Paul G. v. Monterey Peninsula Unified Sch. Dist.*, 933 F.3d 1096, 1101-1102 (9th Cir. 2019); see also *Hoeft v. Tucson Unified Sch. Dist.*, 967 F.2d 1298, 1303-1304 (9th Cir. 1992.))  Here, the exhaustion of administrative remedies for a Proposed Class of over 700,000 can only be properly and fairly adjudicated in court.  The class action negligence claims made here also arise from a policy or practice of general applicability – the acts of omissions alleged herein taken by the Districts during the Liability Period.

39. Plaintiffs, through their counsel, timely sent a government tort claim letter to each District via certified mail, which stated the claims alleged herein.

### IV.   CLASS ACTION ALLEGATIONS

40. Plaintiffs seek to represent the following Proposed Class pursuant to FRCP Rule 23:  **All persons, by and through their parent(s) or guardian(s), and all adult age current and former students, who were enrolled in one of the Districts' schools between March 14, 2020 to April 23, 2021.**

41. *Numerosity.*  The members of the Proposed Class are so numerous that their individual joinder is impracticable. Plaintiffs are informed and believe, and on that basis allege, that the Proposed Class contains over 700,000 persons. The precise number of Proposed Class members is unknown to Plaintiffs.  The true number of the Proposed Class is known by the Defendants, however, and thus, may be notified of the pendency of this action by first class mail, electronic mail, and by published notice.

42. ***Existence and Predominance of Common Questions of Law and Fact.*** Common questions of law and fact exist as to all members of the Proposed Class and predominate over any questions affecting only individual Proposed Class members.

43. ***Typicality.*** Plaintiffs' claims are typical of the claims of the Proposed Class.

44. ***Adequacy of Representation.*** Plaintiffs will fairly and adequately protect the interests of the members of the Proposed Class. Plaintiffs have retained counsel experienced in complex class action litigation. Plaintiffs intend to prosecute this action vigorously. Plaintiffs have no adverse or antagonistic interests to those of the Proposed Class.

45. ***Superiority.*** A class action is superior to all other available means for the fair and efficient adjudication of this controversy. The damages or other financial detriment suffered by individual Proposed Class members is relatively small compared to the burden and expense that would be entailed by individual litigation of their claims against the defendant. It would thus be virtually impossible for the class, on an individual basis, to obtain effective redress for the wrongs done to them. Furthermore, even if Proposed Class members could afford such individualized litigation, the court system could not. Individualized litigation would create the danger of inconsistent or contradictory judgments arising from the same set of facts. Individualized litigation would also increase the delay and expense to all parties and the court system from the issues raised by this action. By contrast, the class action device provides the benefits of adjudication of these issues in a single proceeding, economies of scale, and comprehensive supervision by a single court, and presents no unusual management difficulties under the circumstances here.

Class Action Complaint

## V.  CAUSES OF ACTION

### FIRST CAUSE OF ACTION

### VIOLATION OF THE EQUAL PROTECTION CLAUSE

46. Plaintiffs incorporate herein by reference each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

47. The Districts' failure to properly employ the distance learning scheme mandated by California law resulted in arbitrarily treatment of Plaintiffs and the proposed class.

48. The distance learning actually provided by the Districts arbitrarily restricted access to education for Plaintiffs and the proposed class.

49. There was no rational basis for the Districts to not provide the proper distance learning mandated under California law.

50. Defendants intentionally, discriminatorily, and arbitrarily imposed restrictions on education services during the Liability Period in violation of Plaintiffs' right to Equal Protection under the law.

51. Pursuant to 42 U.S.C. §§ 1983 and 1988, Plaintiffs are entitled to declaratory relief requested herein and attorneys fees.

### SECOND CAUSE OF ACTION

### DECLARATORY RELIEF

53. Plaintiffs re-allege the paragraphs above as if fully set forth herein.

54. Plaintiffs allege that there is presently a dispute between Plaintiffs and the Districts regarding the failure to provide education services claims made in this complaint.

Class Action Complaint

55. Plaintiffs seek from the court a declaratory judgment finding that:

    1. During the Liability Period the Districts failed to provide in-person instruction to Plaintiffs and the Proposed Class as mandated to by law.

    2. During the Liability Period the Districts failed to provide underprivileged students and/or students from underserved communities the same standard of and access to distance learning as other students attending the Districts' schools.

    3. During the Liability Period the Districts failed to provide students with the daily amount of hours of instruction provided mandated by law.

    4. The Districts acted negligently during the Liability Period by failing to provide in-person learning to Plaintiff and the proposed class.

    5. The Districts acted negligently during the Liability Period by failing to ensure that underprivileged students and/or students from underserved communities received equal access to distance learning.

    6. The Districts acted negligently during the Liability Period by failing to provide students with the daily number of hours of instruction mandated by law.

    7. The Districts' acts and omissions alleged herein caused negligent infliction of emotional distress to its students.

    8. The Districts violated Plaintiffs' 14th Amending rights to education.

Class Action Complaint

# THIRD CAUSE OF ACTION

# NEGLIGENCE

56. Plaintiffs re-alleges the paragraphs above as if fully set forth herein.

57. Plaintiffs allege the Districts are "Local Educational Agencies" under Education Code section 43500(c).

58. Education Code section 43504 provides a local educational agency shall offer in-person instruction to the greatest extent possible.

59. Plaintiffs allege the Districts violated Education Code sections 43500, 34501, 43502, 43503 and 43504, by among other things, failing to provide any in-person learning, and failing to provide the required amount of instruction time per day to its students. Plaintiffs allege the Districts' students have been harmed by the Districts' failures and refusals to abide by the provisions of Education Code section 43500 et seq.

60. Education Code section 51865(b) provides:

> Distance learning should be utilized by the state to achieve the following educational goals:
>
> (1) Equity in education, which requires that every pupil in California's public schools, and every adult in the state, have equal access to educational opportunities, regardless of where he or she lives or how small a school the pupil attends.
>
> (2) Quality in education, which would be enhanced through the creative application of telecommunications, as pupils are given the opportunity to interact with pupils from other cultures and geographical locations, and with outstanding educators from other educational institutions.
>
> (3) Diversity among educational institutions, which has been recognized in California through the support of various types of public educational institutions as well as of independent and private colleges and universities. Distance learning technology permits greater

> diversity in the means of instruction and in the delivery of educational and training services to an adult population that is more and more likely to seek education outside of the traditional baccalaureate program designed for four consecutive years on a full-time basis shortly after graduating from high school.
>
> (4) Efficiency and accountability, which receive increasing emphasis as state budget resources become increasingly restricted. Distance learning technologies can be effective only through the cooperative efforts of individuals from different institutions, a collaboration that has the potential to reduce costs and increase efficiency. A technology-integrated educational delivery system would allow for the electronic transmittal of files and reports, thus providing the information needed for accountability more rapidly and at a lower cost, and for video teleconferencing for state and local education and other government agencies, thereby diminishing travel requirements.

61. Education Code section 51865(f) provides:

> In expanding the use of distance learning technology, the state should emphasize the delivery of education and training services to populations currently not receiving those services, the ease of access by educational institutions to the technology, and the lower cost over time of providing instruction through distance learning rather than on site.

62. Plaintiffs allege the Districts had duties to its students to, among other things, (1) provide at least some in-person learning, (2) ensure that underprivileged students and/or students from underserved communities receive equal access to distance learning, and (3) provide students with the daily number of hours of instruction mandated by law.

63. Plaintiffs allege the Districts also had a duty of care and to act reasonably to not engage in any acts or omissions which might harm their students, especially acts or omissions which will cause harm to thousands of similarly situated students.

64. Plaintiffs allege Defendants violated the Education Code by, among other things, failing to provide *any* in-person learning at all to Districts' students, failing

Class Action Complaint

to provide the Districts' students with the required number of hours of instruction per day, and failing to provide its students with equal access to education.

65. Plaintiffs allege the Districts breached the above duties of care by, among other things, not providing adequate access to distance learning to their students, especially those students from disadvantaged or underserved communities and/or homes.

66. Plaintiffs allege that the aforementioned breaches of duty directly and proximately caused, and continue to cause, damages to the Districts' students.

67. Plaintiffs allege the Districts' violation of Education Code sections 43500 et seq. and 51865 is admissible evidence of negligence *per se*.

68. Plaintiffs allege they and the Proposed Class have been harmed by Defendants' failures and refusals to provide educational services provided for by the Education Code.

## VI.   PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request that the Court enter a judgment awarding the following relief:

1. That the Court find in favor of Plaintiffs on Plaintiffs' claim for Declaratory Judgmxent;

2. That the Defendants be ordered to pay damages to Plaintiffs and the Proposed Class and judgment be entered against Defendants according to proof;

3. That Defendant be ordered and enjoined to rectify Defendants' unlawful and unfair business practices as alleged herein;

4. That Plaintiffs be awarded Attorneys' fees and costs pursuant to statute, including but not limited to 42 U.S.C section 1988 and Code of Civil Procedure section 1021.5;

5. Otherwise determine the appropriate remedy to compensate Plaintiffs

Class Action Complaint

and the proposed class, as required to promote fairness and justice, including but not limited to establishing procedures for compensation, compensation amounts and fluid recovery if appropriate.

DATED:     August 25, 2022          **KARPEL LAW FIRM**



_____
Darin M. Karpel,
Attorney for Plaintiffs and the Proposed Class